LION, *ex dem.* EDEN & WOOD, *against* BURTIS and the BANK OF NEW-YORK.

In ejectment, before trial, the declaration may be amended by enlarging the term, or adding a new demise, on payment of costs. But where there was an actual entry and actual lease, for the purpose of avoiding a fine, and the demise in the declaration was, by mistake, laid on the *first* instead of the *sixth* day of *May*; the Court, in allowing the amendment, gave the defendant leave to elect, in 20 days, whether to defend the suit or not : and if he chose to defend, then to have the costs of the amendment only; but if he abandoned his defence, then he should be entitled to costs to the time of his election.

Whether, in such a case, the judge, at the trial, can allow the amendment to be made?

If the objection on the ground of variance is made at the trial, and the plaintiff is nonsuited, *it seems,* that the Court will set aside the nonsuit, and give leave to amend, on payment of costs.

Where the judge, at the trial, refused to nonsuit, but reserved the question as to the variance, and the defendant went into his defence fully at the trial, the plaintiff was allowed, after verdict, to amend his declaration, on the usual terms, under the circumstances of the case, it being a mere clerical mistake.

IN the above cause, and nine other suits on the same demises, *Burr,* for the plaintiff, moved for leave to amend the first count of the declaration, by inserting the *sixth* day of *May,* instead of the " first day of *May,*" 1819. And for leave to amend the demise in the *third* count, in each of the declarations, by striking out the words, " *John Wood,* otherwise called *John Wood, Junr.* assignee of *Medcef Eden ;*" and, also, by striking out the words, " in the year aforesaid," and inserting in their place, the words " in the year of our *Lord,* 1813." And for leave to entitle the declarations, specially, as " of *Saturday,* the eighth day of *May,* 1819."

The above entitled cause was tried at the last sittings in the City of ↑*New-York.* It appeared that the President, Directors, and Company of the *Bank of New-York,* had caused a fine to be levied on the premises, in *January,* 1817 ; and *C. B. Goelet* became seised of the premises in fee simple, by virtue of a deed from them, dated *April* 16,

1816, for the purpose of making him a tenant to the *precipe.* Actual entries were, therefore, made on the premises, and actual leases executed and delivered to *Edward A. Lion,* one of the lessors of the plaintiff, dated the *sixth* day of *May,* 1819. The plaintiff gave no evidence of any title or entry before the sixth day of *May,* 1819, nor of any title in *John Wood,* nor of any joint title in *Medcef Eden* and *John Wood.* At the trial, the defendant's counsel moved for a nonsuit; but the judge overruled the motion, and permitted the trial to proceed. A verdict was found for the plaintiff, subject to the opinion of the Court on a case to be made, with liberty to either party to turn the same into a special verdict.

*Burr,* in support of the motion, cited 2 *Burr.* 668. 1159. 2447. *Cowper,* 841. 3 *Taunt.* 81. 2 *Bos. & Pull.* 243. 7 *Term Rep.* 474. 1 *Washington's Rep.* 313. 4 *Yates, Rep.* 483. 7 *Cranch,* 471. 2 *Sergt. & Rawles' Rep.* 291.

*Johnson,* contra.

*Per Curiam.* With respect to the causes which have not been tried, there can be no objection to granting the amendment asked for. The Court have permitted a new demise to be added six years after service of the declaration. (1 *Caines* 251.) The application here is to amend the day of the demise, to make it conformable to an actual lease, made after entry to avoid a fine. This amendment may be important, and deprive the defendants of the only defence they had to make. They must, therefore, have twenty days to elect, whether they will continue to defend; and in such case, the defendants will be entitled to costs of the amendment only; but if they elect to abandon the defence, then they must be paid their costs up to the time of making their election.

In the cause already tried, in which, also, the plaintiff asks to amend the demise, and make it conformable to the day when the entry was actually made and the lease was executed, to wit: the 6th of *May,* instead of the 1st of *May,* there is more doubt. It appears, by affidavit, that the mis-

ALBANY,
January, 1821.

LION
v.
BURTIS.

take was a clerical one. The objection was taken at the trial, and a motion was made that the plaintiff be nonsuited, on the ground that the demise was laid on a day anterior to the sealing of the lease ; and that the entry being made to avoid the fine, it was a demise before the lessor's title accrued. In deciding on this motion, we purposely avoid giving any opinion on the validity of the objection. It is not pretended by the defendants, that they did not bring forward their whole defence, or that any injury will be done them by the amendment, farther, than to remove a mere technical objection. The question, then, arises, how far we ought to allow amendments in furtherance of justice, as to mere formal mistakes, arising from clerical errors, when the substantial rights of one party will be promoted by the amendment, and the other party is no otherwise prejudiced, than by depriving him of a formal objection. As yet, we have not gone the length, of making such amendments after a trial ; but, upon full consideration, we perceive no objection to going that length. We have all seen, with regret, objections taken at trials, on the score of variance, which have defeated and turned round the plaintiff to another action, contrary to the justice of the case ; by which means the plaintiff has been subjected to delay, and mulcted in costs. In *Holland* v. *Hopkins*, (2 *Bos. & Pull.* 244.) the plaintiff had been nonsuited at the trial, on the ground that the evidence offered did not conform to the bill of particulars delivered ; and although the Court concurred in the opinion of the judge who nonsuited the plaintiff, they set aside the nonsuit, and gave the plaintiff leave to amend his bill of particulars, on payment of costs. In *Grundy* v. *Mell*, (4 *Bos. & Pull.* 28.) the Court, after trial, amended the informality in the issue, which was, by mistake, to the Court, instead of the country ; and in *Holland* v. *Abrahams*, (3 *Taunt.* 81.) the action was on a replevin bond, and there was a fatal variance in setting out the goods replevied, upon which the plaintiff was nonsuited. *Bayley*, Justice, before whom the cause was tried, said, if he had been a judge of the Court where the action was brought, he would have amended the declaration *pro*

*tanto,* at the time of the trial. Afterwards, on motion, the nonsuit was set aside on payment of the costs.

These cases are cited as by no means authoritative, but to show the increasing liberality of Courts at law in allowing amendments, to obviate objections arising from mistakes from which the most acute and eagle-eyed practitioner is not always free. We do not intend to carry the practice so far as to amend at the trial; but we mean to say, that when a plaintiff has been nonsuited for a variance in the date of the instrument declared on, or for any other variance, arising from clerical mistake, that we will set the nonsuit aside, and give leave to amend on payment of costs. There may be cases in which the judge at the trial will use a sound discretion in suffering the plaintiff to take a verdict, and put the party to his application to the Court to make the amendment. It may be discreet to adopt this course, where the defendant has not been taken by surprise, and where his whole defence has been gone into, or where he is prepared to go into it. By allowing amendments, under these guards, we think we are adopting a course of procedure, that will advance justice, and get rid of technical and more formal objections, which have no reference to the merits of a cause.

In the present case, as the judge did not nonsuit the plaintiff for the variance, but reserved the point, and as the defendants went into their defence fully, we grant the amendment on the usual terms.

It is not very easy to lay down any general principles on this subject. The cases that have been put, in which we would allow amendments to be made, may serve to illustrate our general views; but every case will depend upon the circumstances peculiar to it. We mean to be understood, however, as deciding, that in fit cases we will allow amendments to be made after trial; and that the present is a case in which the amendment ought to be allowed.

Rule accordingly. (a)

(a) The first mentioned amendment only was granted. *Vide Adam's on Ejectment,* 200. 203. and notes.